UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Joseph Demange,	Case No. 3:18-cv-345

    Plaintiff,

v.	MEMORANDUM OPINION
	AND ORDER

Life Insurance Company of North
America,

    Defendant.


## I.    INTRODUCTION

Plaintiff Joseph Demange is the sole beneficiary of a Group Accident Insurance Policy which covered his son, Nicholas, and which was issued by Defendant the Life Insurance Company of North America. Plaintiff has filed an objection to the administrative record, (Doc. No. 14), a motion for discovery, (Doc. No. 15), and a motion to apply a *de-novo* standard of review to his challenge to Defendant's administrative decision. (Doc. No. 16). Defendant does not oppose Plaintiff's objection to the administrative record, (Doc. No. 17), contends the motion for discovery is premature, (Doc. No. 18), and opposes Plaintiff's motion to apply a *de-novo* standard. (Doc. No. 20). For the reasons stated below, I sustain Plaintiff's objection to the administrative record, deny his motion to apply a *de-novo* standard of review, and deny his motion for discovery without prejudice.

## II. BACKGROUND

Defendant issued a group accident insurance policy to the Trustee of the Group Insurance Trust for Employers in the Manufacturing Industry (the "Policy"). (Doc. No. 1 at 1). Greenville Technology, Inc., Nicholas's employer, subscribed to the Policy. The Policy is governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

Nicholas tragically passed away on November 4, 2015. Plaintiff submitted a claim pursuant to the terms of the Policy, but Defendant denied the claim and Plaintiff's subsequent appeals. Defendant asserts Nicholas's death was the result of events which are excluded from coverage under the Policy.

## III. ANALYSIS

### A. OBJECTION TO ADMINISTRATIVE RECORD

Plaintiff objects to Defendant's submission of the administrative record because it does not include photographs taken by the Shelby County, Ohio Sheriff's Office following Nicholas's death, and these photographs were part of Plaintiff's submissions in its appeal of Defendant's denial of Plaintiff's claim for benefits. (Doc. No. 14 at 1). A court's review of a plan administrator's decision in an ERISA benefits case is limited to the documents and information contained in the record before the plan administrator. *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 (6th Cir. 1998). Plaintiff contends, and Defendant does not dispute, that the photographs Plaintiff submits were part of the administrative record. (*See* Doc. No. 14-1). Therefore, I sustain Plaintiff's objections and deem the photographs to be part of the administrative record submitted by Defendant. (*See* Doc. No. 13).

### B. MOTION FOR *DE NOVO* REVIEW

A plaintiff's challenge to a denial of benefits under an ERISA plan is subject to *de novo* review, "unless the plan gives the plan administrator or fiduciary discretionary authority to determine

benefit eligibility or construe the terms of the plan." *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 437–38 (6th Cir. 2006) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). The plan's delegation of discretion must be "clear," but the plan documents do not need to "use the term 'discretionary' or some other specific terminology." *Hoover v. Provident Life & Acc. Ins. Co.*, 290 F.3d 801, 807 (6th Cir. 2002) (citations omitted).

Defendant argues the Policy delegates to Defendant the discretion to determine eligibility for benefits or to construe the terms of the plan. The Policy contains a paragraph titled "Proof of Loss," which states a claimant must provide "[w]ritten or authorized electronic proof of loss satisfactory to Us . . . within 90 days of the loss for which [a] claim is made." (Doc. No. 13-3 at 90).

It is true, as Plaintiff points out, that a number of courts have concluded this and similar provisions are ambiguous and do not contain a sufficiently-clear grant of authority to warrant the imposition of the arbitrary-and-capricious standard. *See, e.g., Viera v. Life Ins. Co. of N. Am.*, 642 F.3d 407, 417 (3rd Cir. 2011); *Nance v. Sun Life Assurance Co. of Can.*, 294 F.3d 1263, 1267 (10th Cir. 2002).

The Sixth Circuit, however, has taken a different approach. That court, whose published decisions are binding on district courts with the circuit, "has found 'satisfactory proof,' and similar phrases, sufficiently clear to grant discretion to administrators and fiduciaries." *Frazier v. Life Ins. Co. of N. Am.*, 725 F.3d 560, 567 (6th Cir. 2013); *see also Ferrari v. Teachers Ins. & Annuity Ass'n*, 278 F.3d 801, 806 (8th Cir. 2002) (applying arbitrary-and-capricious standard where plan stated "proof must be satisfactory" to the plan administrator). While the phrase used in the Policy ("proof of loss satisfactory to Us") is not the same as the language used in the policy at issue in *Frazier* ("satisfactory proof of Disability"), I cannot conclude this variation moves the Policy outside of *Frazier*'s ambit.

Plaintiff's argument that this language is insufficient because "when [Defendant] wants to retain discretion, it knows how to do so and express that in a clear and ambiguous way," also falls short. (Doc. No. 16 at 4). The *Frazier* court held that "[a]lthough the Policy could have more clearly

3

expressed this grant of discretion, the 'mere fact that language could have been clearer does not necessarily mean that it is not clear enough.'" *Frazier*, 725 F.3d at 567 (quoting *Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 558 (6th Cir. 1998)) (additional internal quotation marks omitted).

The same is true for Plaintiff's argument that the proof of loss provision is not meant to grant discretion because the neighboring provisions address procedural aspects of making a claim for benefits. (*See* Doc. No. 13-3 at 90). The ordinary understanding of the phrase "proof of loss" is proof of a loss covered by the Policy. If, under *Frazier*, the Policy language is sufficient to grant discretion, what appears to be inartful drafting does not undo that delegation of authority.

Moreover, the Sixth Circuit also has foreclosed Plaintiff's alternative argument – that the doctrine of *contra preferentum* applies, and ambiguity in the Policy should be construed against Defendant. (*See* Doc. No. 21). If an arbitrary-and-capricious standard of review applies, a court cannot also apply *contra preferentum*. *Clemons v. Norton Healthcare Inc. Ret. Plan*, 890 F.3d 254, 266 (6th Cir. 2018).

While, as Plaintiff notes, many other circuits have taken a different approach to language such as that used in the Policy, I am bound by Sixth Circuit precedent to apply an arbitrary-and-capricious standard of review to Defendant's denial of benefits. Therefore, I deny Plaintiff's motion to apply a *de-novo* standard of review.

C. **MOTION FOR DISCOVERY**

Plaintiff also has filed a motion for discovery. (Doc. No. 15). Defendant contends this motion is premature because the scope of discovery depends upon whether the *de-novo* or the arbitrary-and-capricious standard of review applies. (Doc. No. 18). While I now hold the arbitrary-and-capricious standard applies to this case, I conclude Plaintiff's motion remains premature. Parties must make sincere, good-faith efforts to resolve any disputes they may have concerning discovery, Local Rule 37.1(a), and I have no reason to doubt the parties to this litigation will do so

4

now that I have resolved the issue of the required standard of review. Counsel for the parties shall meet and confer concerning discovery and any other topics they deem appropriate, and I will schedule a status conference with counsel in the coming weeks to discuss the next steps in this litigation.

## IV. CONCLUSION

For the reasons stated above, I sustain Plaintiff's objection to the administrative record, (Doc. No. 14), deny Plaintiff's motion for discovery without prejudice, (Doc. No. 15), and deny Plaintiff's motion to apply a *de-novo* standard of review. (Doc. No. 16).

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge